UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br>Petitioner,<br>v.<br>SAN JOAQUIN COUNTY JAIL, et al.,[1]<br>Respondents. | No. 2:26-cv-0924 CSK P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

As discussed below, the petition is dismissed with leave to amend, and petitioner's subsequent motion for transfer is denied.

[1] Petitioner named the San Joaquin County Jail as respondent. (ECF No. 1 at 1.) If plaintiff seeks relief under 28 U.S.C. § 2254, he should name Michael Betzinger, Warden of Pelican Bay State Prison, as respondent. Fed. R. Civ. P. 25(d); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

I. PETITION FOR WRIT OF HABEAS CORPUS

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Initially, the Court does not construe the petition as challenging petitioner's underlying convictions in People v. Iseli, No. C090997, 2022 WL 1013447 (Cal. Ct. App. April 15, 2022), review denied (June 15, 2022), because his previous habeas petition was denied on the merits. Iseli v. People of the State of California, No. 2:22-cv-1483 TLN EFB (E.D. Cal. Mar. 13, 2023). Thus, before petitioner can again challenge his underlying convictions, he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Second, the instant petition does not provide a short and plain statement of the claims petitioner intends to pursue through this action. Fed. R. Civ. P. 8. Petitioner includes a laundry list of 78 different grounds for relief, some of which refer to Eighth Amendment claims, Unfair Business Practices, negligence and harassment, which are not cognizable in habeas proceedings. (ECF No. 1 at 6-8, 30, 32, 34-36.) In claim two, petitioner reiterates his civil rights were violated, citing the Eighth Amendment and harassment (id. at 12), which again does not state a cognizable habeas claim. Such civil rights claims must be dismissed from this habeas action.

Third, petitioner appears to challenge rules violation report No. 0713585 issued on May 9, 2022. (Id. at 11.) Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. In the Ninth Circuit, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, petitioner seeks reversal of the 2022 rules violation report. (Id. at 13.) But petitioner does not clearly identify the guilty finding, and does not identify the consequences of such guilty finding, if any. Thus, this Court is unable to determine whether habeas jurisdiction is proper. See Nettles, 830 F.3d at 929 ("If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983.").

Fourth, petitioner includes facts discussing an alleged misclassification while he was housed at the San Joaquin County Jail. (ECF No. 1 at 20, 22-24.) Petitioner is advised that a prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (" '[A] prisoner has no constitutional right to a particular classification status.' ") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).). To the extent petitioner now claims that he was improperly named when booked into the San Joaquin County Jail in 2017, such claim appears barred by the one year

statute of limitations. 28 U.S.C. § 2244(d)(1). Moreover, to the extent he claims the use of an improper name implicates his underlying convictions, he must seek permission from the Ninth Circuit to pursue such claim. 28 U.S.C. § 2244(b)(3).

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases, as well as Rule 8 of the Federal Rules of Civil Procedure. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must focus on the challenged rules violation report, omit all extraneous and irrelevant facts and claims, set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

II. PETITIONER'S MOTION FOR TRANSFER

Subsequently, petitioner filed a motion to transfer this action to state court. (ECF No. 13.) Petitioner provided no legal authority for such transfer, and this Court does not have jurisdiction to transfer this action to state court. Petitioner's motion is denied. If petitioner wishes to pursue his claims in state court, he must file an action in state court.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

5. Petitioner's motion for transfer (ECF No. 13) is denied.

Dated: October 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isel0924.114

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.